## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **MELINTA THERAPEUTICS, INC.,** *et al.,* | **Case No. 19-12748 (LSS)** |
| **Debtors.**[1] | **Jointly Administered** |
|  | **Re: D.I. 67** |

### OBJECTION OF UNITED STATES TRUSTEE TO MOTION OF DEBTORS FOR ORDERS ESTABLISHING BIDDING PROCEDURES

Andrew R. Vara, the United States Trustee for Regions 3and 9 (the "U.S. Trustee"), by and through his undersigned counsel, hereby objects to the *Motion of Debtors for Orders Establishing Bidding Procedures* (the "Bid Procures Motion), and in support thereof respectfully states as follows:

1.      Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Melinta Therapeutics, Inc. (0364); Cempra Pharmaceuticals, Inc. (5814); CEM-102 Pharmaceuticals, Inc. (4262); Melinta Subsidiary Corp. (9437); Rempex Pharmaceuticals, Inc. (6000); and Targanta Therapeutics Corporation (1077). The address of the Debtors' corporate headquarters is 44 Whippany Road, Suite 280, Morristown, New Jersey 07960.

3.      The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307.

4.      On December 27, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On January 14, 2020, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") in this case.

9.      The Debtors filed the Bid Procedures Motion on December 30, 2019.  In response to informal comments and objections from the U.S. Trustee, Debtors have proposed and agreed to several changes to the Bid Procedures form of order and the accompanying notices that address many of the concerns raised.  To the extent the form of order and related materials put before the Court for approval differ, the U.S. Trustee reserves the right to raise all of his issues at the hearing.

6.      This Objection is brought to address several issues on which agreement could not be reached.

7.      First, Debtors have included the Supporting Lender (or Deerfield), whom they seek to designate as a "Qualified Bidder" and treat as a stalking horse bidder, as one of the "Consultation Parties."  Through the Consulting Party Role, Deerfield will have input on which bidders become Qualified Bidders, it will be able to review offers from Potential Bidders, it will be part of the group negotiating bids and it will also have input on which bids to reject.  (Bidding Procedures at §§ I, IV, IX.)

8.      Deerfield's involvement may have a chilling effect on the Debtors' obligation to conduct an open and fair public sale.  Accordingly, Deerfield should be excluded as a Consultation Party.

9.      Second, the Bidding Procedures allow Deerfield the ability to credit bid $140 million, the alleged amount of Deerfield's prepetition claim.  As addressed in the U.S. Trustee's objection to the final cash collateral order, the challenge period with respect to the amount of Deerfield's secured allowed claim has not yet expired, and will not run until late March 2020, i.e., seventy-five (75) days after formation of the Committee.  Until that point, Deerfield may not bid its lien.

10.      Accordingly, at this time it cannot be presumed that Deerfield has a prepetition secured claim on Debtors' assets, nor can the amount of such a claim be presumed.

11.      Third, Debtors ask the Court to order that Deerfield is entitled to reimbursement of their reasonable and actual fees up to $2 million (the "Expense Reimbursement").  The U.S. Trustee objects to this provision.  Expense reimbursements, along with break-up fees,[2] are intended to be incentives for a party to invest time and money to conduct necessary due diligence to submit a stalking horse bid, knowing it might be outbid at the auction and therefore out-of-pocket for its expenses.  As the pre-petition lender, Deerfield did not need to undertake any due diligence to make a bid, did not need an incentive to make a bid, and will not need to be compensated if they are not the winning bidder at the auction.  This is because, regardless of the outcome of the auction, Deerfield will benefit.

12.      Further, Debtors ask the Court to order that Deerfield may "credit bid" even the Expense Reimbursement.  (Order, ¶ 14).  This is objectionable on both legal and logistical grounds.  Legally, the Expense Reimbursement is not part of the prepetition secured claim held by Deerfield.  Logistically, at the time of the auction, even if this Court were inclined to allow

---

[2]      While no "break-up" fee is addressed in the Bid Procedures Motion, there is a $1 million fee provided for under the cash collateral order, as to which the U.S. Trustee has also filed an objection.

Deerfield to request an Expense Reimbursement, the amount thereof will not be known, and the Court will not have been asked to approve the amount as reasonable and necessary.

13.     Accordingly, Deerfield should not be entitled to an Expense Reimbursement nor should it be allowed to "credit bid" such an amount.

## **RESERVATION OF RIGHTS**

14.     The U.S. Trustee reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee requests that this Court not approve the provisions discussed above and that it grant such other and further relief as the Court deems fair and just.


Dated: January 22, 2020                              Respectfully submitted,
Wilmington, Delaware

                                                     **ANDREW R. VARA**
                                                     **UNITED STATES TRUSTEE**
                              By:        */s/ Linda Richenderfer*
                                         Linda Richenderfer (DE # 4138)
                                         Trial Attorney
                                         Office of the United States Trustee
                                         J. Caleb Boggs Federal Building
                                         844 King Street, Suite 2207, Lockbox 35
                                         Wilmington, DE 19801
                                         (302) 573-6491
                                         (302) 573-6497 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Linda Richenderfer, Esq., do hereby certify that on this 22nd  day of January, 2020, I

served the attached *Objection of U.S. Trustee to Motion of Debtors for Orders Establishing*

*Bidding Procedures* on counsel via electronic mail and/or ECF Notification.


<u>/s/ *Linda Richenderfer*</u>
Linda Richenderfer, Esq.