**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **MELINTA THERAPEUTICS, INC.,** *et al.*, | Case No. 19-12748 (LSS) |
| Debtors.[1] | Jointly Administered<br>Related to Docket Nos. 67, ___ |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES; (B) APPROVING EXPENSE REIMBURSEMENT; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES, AND AGREEMENTS; (E) SCHEDULING A HEARING TO CONSIDER ANY PROPOSED SALE; AND (F) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (a) authorizing and approving the bidding procedures attached hereto as **Exhibit 1** (the "**Bidding Procedures**") in connection with a Transaction, (b) approving the Expense Reimbursement (as defined herein), (c) approving the form and manner of notice of any Auction and any RSA/Sale Hearing, (d) scheduling the RSA/Sale Hearing, if applicable, and setting other related dates and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Melinta Therapeutics, Inc. (0364); Cempra Pharmaceuticals, Inc. (5814); CEM-102 Pharmaceuticals, Inc. (4262); Melinta Subsidiary Corp. (9437); Rempex Pharmaceuticals, Inc. (6000); and Targanta Therapeutics Corporation (1077). The address of the Debtors' corporate headquarters is 44 Whippany Road, Suite 280, Morristown, New Jersey 07960.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, the Bidding Procedures, or the First-Day Declaration, as applicable.

deadlines, (e) establishing procedures for the assumption or assumption and assignment of contracts and noticing of related Cure Amounts, and (f) granting related relief; and upon consideration of the First-Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Debtors, the Committee (as defined below), Vatera Healthcare Partners LLC ("**Vatera**"), the Prepetition Secured Parties (as defined in the Cash Collateral Order), and The Medicines Company ("**MedCo**" and, together with the Debtors, the Committee, Vatera, and the Prepetition Secured Parties, the "**Settlement Parties**") having accepted and agreed to that certain Global Settlement Term Sheet dated as of February 7, 2020 (the "**Global Settlement Term Sheet**"), pursuant to which, among other things, the Settlement Parties have consented to this Order; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**FOUND, CONCLUDED, AND DETERMINED THAT:**

  **A.**  **Bidding Procedures.** The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **Exhibit 1**, which are fair,

reasonable, and appropriate under the circumstances and designed to achieve the highest or otherwise best Transaction offer and to maximize the value of the Debtors' estates.

      **B.**      **Sale Notice.** The notice, substantially in the form attached hereto as **Exhibit 2**, provided by the Debtors regarding the Transaction, the Auction, and the RSA/Sale Hearing (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Section 363 Asset Sale, including: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the RSA/Sale Hearing; (iv) reasonably specific identification of the assets subject to any Section 363 Asset Sale or Plan Sale; (v) instructions for promptly obtaining a copy of the Restructuring Support Agreement and/or Form Purchase Agreement; (vi) representations describing any Section 363 Asset Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching with the same validity and priority to the sale proceeds; (vii) notice of the proposed assumption of the Designated Contracts by the Debtors (or assumption and assignment to another Successful Bidder (as defined in the Bidding Procedures), if applicable, arising from the Auction, if any) and the right, procedures, and deadlines for objecting thereto; and (viii) notice of the proposed assumption of the RSA, if the Supporting Lenders are the Successful Bidder, and no other or further notice of any Section 363 Asset Sale or the assumption of the RSA shall be required.

      **C.**      **Assumption or Assumption and Assignment Procedures.** The Motion and the Contract Assumption Notice (as defined herein) are reasonably calculated to provide counterparties to the Designated Contracts with proper notice of the intended assumption or

assumption and assignment of their executory contracts, any Cure Amounts (as defined herein), and the Assumption Procedures (as defined herein), and are appropriate.

**D.     Other Findings.** The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

**I.     Important Dates And Deadlines**

2.      **RSA/Sale Hearing**. The RSA/Sale Hearing, if any, will commence on **March 13, 2020, at 9:30 a.m., prevailing Eastern Time**, before the Honorable Laurie Selber Silverstein of the United States Bankruptcy Court for the District of Delaware, 824 Market St. N., Wilmington, Delaware 19801. The RSA/Sale Hearing, if any, may be adjourned by the Debtors without further notice other than by announcement in open Court or on the Court's calendar.

3.      **Sale Objection Deadline**. Objections, if any, to (a) if the Supporting Lenders are the Successful Bidder, the assumption of the RSA or (b) the Motion and the sale of the Assets to a Successful Bidder, *except* objections solely related to the identity of the Successful Bidder, any changes to the Form Purchase Agreement, and adequate assurance of future performance by a Successful Bidder other than the Supporting Lenders ("**Initial Objections**"), must be made by **February 27, 2020, at 4:00 p.m., prevailing Eastern Time** (the "**Sale Objection Deadline**"). Objections solely to the identity of the Successful Bidder, changes to the Form Purchase Agreement or RSA, and adequate assurance of future performance by a Successful Bidder other

than the Supporting Lenders ("**Supplemental Limited Sale Objections**") must be made by **4:00 p.m., prevailing Eastern Time on March 10, 2020** (the "**Supplemental Limited Sale Objection Deadline**"). In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline or the Supplemental Limited Sale Objection Deadline, as applicable, and served on (i) counsel to the Debtors, (ii) counsel to the Supporting Lenders, and (iii) proposed counsel to the official committee of unsecured creditors (the "**Committee**").

4. **Response Deadline**. Responses or replies, if any, to (a) Initial Objections must be filed by **March 9, 2020, at 4:00 p.m., prevailing Eastern Time** or (b) Supplemental Limited Sale Objections must be filed by **March 12, 2020, at 4:00 p.m., prevailing Eastern Time** (or may be presented at the RSA/Sale Hearing); *provided* that such deadlines may be extended by agreement of the Debtors and the affected objecting party.

5. **Competitive Bidding**. The following dates and deadlines regarding competitive bidding are hereby established:

(a) **Bid Deadline**: **March 2, 2020, at 4:00 p.m., prevailing Eastern Time**, the deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be **actually received** in writing in electronic format by the parties specified in the Bidding Procedures (the "**Bid Deadline**"); and

(b) **Auction**: **March 6, 2020, at 9:00 a.m., prevailing Eastern Time**, is the date and time of the Auction, if one is needed; the Auction will be held at the offices of counsel to the Debtors: Skadden, Arps, Meagher & Flom, One Manhattan West, New York, New York, 10001, or such other place and time as the Debtors shall notify all Competing Bidders (which shall be deemed to include the Supporting Lenders) and any official committee appointed in the Debtors' chapter 11 cases and its counsel.

## II.    Bidding Procedures and Related Relief

6.    The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to any proposed Transaction, and any party desiring to submit a higher or better offer for the Assets or the Reorganized Melinta Common Stock must comply with the terms of the Bidding Procedures and this Order. The Bidding Procedures shall also govern the terms on which the Debtors will proceed with the Auction, the Section 363 Asset Sale pursuant to the Modified Transaction Agreement, and/or the selection of the Supporting Lenders as the Successful Bidder and the assumption of the RSA. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

7.    The failure to specifically include or reference any particular provision, section, or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision, section, or article, it being the intent of this Court that the Bidding Procedures are authorized in their entirety.

## III.    Auction

8.    The Debtors are authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in the discretion of the Debtors, to conduct and implement the Auction.

9.    Only (a)(i) the Debtors, (ii) the Consultation Parties,[3] (iii) Vatera, (iv) MedCo, (v) the U.S. Trustee, and (vi) any Competing Bidder (including the Supporting Lenders), in each

---

[3]    The term "**Consultation Parties**" means, collectively, any official committee appointed in the Chapter 11 Cases, including the Committee and each of their respective advisors.

case, along with their representatives and counsel; (b) creditors of the Debtors who provide 48-hours' advance written notice of their intent to attend the auction to counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606-1720 (Attn: Ron E. Meisler and Christopher M. Dressel) and 920 North King Street, Wilmington, Delaware 19801 (Attn: Faiz Ahmad and Richard West); *provided* that the Debtors' right to object on an emergency basis to any such creditor's proposed attendance at the Auction is reserved; *provided, further*, that, the Debtors shall not be required to admit counsel or other representatives of any such creditor to the Auction; and (c) such other parties as the Debtors shall determine, shall attend the Auction (such attendance to be in person), and only such Competing Bidders (including the Supporting Lenders) will be entitled to make any Bids at the Auction.

10. The Debtors and their professionals shall direct and preside over the Auction, and the Auction shall be transcribed. Other than as expressly set forth in this Order or the Bidding Procedures, the Debtors may conduct the Auction in the manner they reasonably determine will result in the highest or otherwise best Qualified Bid.

11. Each Competing Bidder (including the Supporting Lenders) participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding, the sale of any of the assets described herein, or any other transaction with respect to the Debtors, (b) has reviewed, understands and accepts the Bidding Procedures, and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, any Section 363 Asset Sale or Plan Sale, or the Auction, if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

12. Except as otherwise provided in the Restructuring Support Agreement, the Bidding Procedures, or this Order, the Debtors (in consultation with the Consultation Parties) reserve the right as they may reasonably determine to be in the best interest of their estates and in the exercise of their fiduciary duties to: (a) determine which bidders are Qualified Bidders and which Bids are Qualified Bids; *provided* that the Debtors, in consultation with the Consultation Parties, shall have the right to permit a Potential Bidder to attend and participate in the Auction as a Competing Bidder, even if its bid is not otherwise a Qualified Bid, if the Debtors, in consultation with the Consultation Parties, believe in good faith that doing so will increase the potential for the submission of higher or otherwise better bids; (b) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (c) reject any Bid (other than a Credit Bid by the Supporting Lenders) that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (d) impose additional terms and conditions with respect to all Potential Bidders (other than the Supporting Lenders); (e) extend the deadlines set forth herein or in the Bidding Procedures (with the approval of the Supporting Lenders); and (f) continue or cancel the Auction and/or RSA/Sale Hearing, including by announcement in open court without further notice (with the approval of the Supporting Lenders).

13. In recognition of the considerable time, energy, and resources that the Supporting Lenders have expended in connection with the Supporting Lender Transaction, if the Supporting Lenders are not the Successful Bidder (or if the Debtors consummate any Plan or sale of all or substantially all of the Debtors' Assets other than the Supporting Lender Transaction), the Supporting Lenders shall be entitled to reimbursement of their reasonable and actual fees and

expenses incurred in connection with the Supporting Lender Transaction, up to $2,000,000 (the "**Expense Reimbursement**").

14. The Supporting Lenders are entitled, in their sole and absolute discretion, to credit bid part or the entire amount of the Prepetition Secured Obligations (as defined in the Debtors' cash collateral order ) *plus* the Expense Reimbursement in any Bid.

**IV.    RSA/Sale Hearing Notice and Related Relief**

15. The Sale Notice is hereby approved. Within three business days following the entry of this Order (the "**Mailing Date**"), the Debtors will cause the Sale Notice to be served on: (a) all entities reasonably known by the Debtors to have expressed a *bona fide* interest in acquiring the Assets during the two years preceding the date hereof; (b) all entities contacted by the Debtors or Jefferies in connection with the sale process undertaken by the Debtors in fall 2019; (c) all entities known to have asserted any claim, liens, interests, or encumbrances in or upon any of the Assets; (d) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this Motion; (e) the U.S. Trustee, (f) counsel to the administrative agent under the Deerfield Facility, (g) counsel to the Supporting Lenders; (h) counsel to Vatera, (i) counsel to Oikos, (j) counsel to The Medicines Company, (k) the Internal Revenue Service, (l) the Securities and Exchange Commission, (m) counsel to the Committee, (n) the United States Attorney for the District of Delaware, (o) the Food and Drug Administration, and (p) all parties entitled to notice pursuant to Local Bankruptcy Rules 2002-a(b) and 9013-1(m).

16. Additionally, on the Mailing Date or as soon as reasonably practicable thereafter, the Debtors shall publish a notice, substantially in the form of the Sale Notice, on one occasion, in the national edition of *The Wall Street Journal* or *The New York Times*. Such publication

notice shall be deemed sufficient and proper notice of the sale to any other interested parties whose identities are unknown to the Debtors.

**V.     Assumption Procedures**

17.     The procedures set forth below regarding the assumption or assumption and assignment of the executory contracts proposed to be assumed by the Debtors pursuant to section 365(b) (or assumed and assigned to a Successful Bidder assignee, if any) pursuant to section 365(f) of the Bankruptcy Code in connection with the Transaction (the "**Assumption Procedures**") are hereby approved.

18.     These Assumption Procedures shall govern the assumption or assumption and assignment of all of the Debtors' executory contracts and unexpired leases to be assumed or assumed and assigned in connection with the Transaction (each, a "**Designated Contract**," and, collectively, the "**Designated Contracts**"), subject to the payment of any amounts necessary to cure any defaults arising under any Designated Contract (the "**Cure Amount**"):

(a)     **Contract Assumption Notice**. No later than February 13, 2020 (the "**Assumption and Assignment Service Deadline**"), the Debtors shall serve a notice of contract assumption in substantially the form attached hereto as **Exhibit 3** (the "**Contract Assumption Notice**") via first-class mail on all counterparties to all contracts expected to be Designated Contracts after consultation with the Supporting Lenders, and provide a copy of the same to the Supporting Lenders and the Consultation Parties. The Contract Assumption Notice shall inform each recipient of the timing and procedures relating to such assumption, and, to the extent applicable, (i) the title of the executory contract or unexpired lease, as applicable, (ii) the name of the counterparty to the executory contract or unexpired lease, as applicable, (iii) Debtors' good-faith estimates of the amount of the required cure payments (the "**Cure Amounts**") (if any) required in connection with the executory contract or unexpired lease, as applicable, and (iv) the deadline to object to the proposed assumption or assumption and assignment of a Designated Contract or the Cure Amount proposed with respect thereto, which deadline shall be 4:00 p.m. (prevailing Eastern Time) on the 14th day after service of the Contract Assumption Notice (the "**Cure Objection Deadline**"); *provided, however*, that service of a Contract Assumption Notice does not constitute an admission that any contract is an executory contract or that the stated Cure Amount related to any contract or unexpired lease constitutes a claim against the

        Debtors or a right against any Successful Bidder (all rights with respect thereto being expressly reserved), and all rights are reserved for the Successful Bidder, following the Auction, to assert that any Cure Amount is lower than the Debtors' estimate, subject to each counterparty's opportunity to object. Further, the inclusion of a contract or unexpired lease, as applicable, on the Contract Assumption Notice is not a guarantee that such contract or unexpired lease, as applicable, will ultimately be assumed or assumed and assigned.

(b)   **Cure Amounts and Adequate Assurance of Future Performance**. The payment of the applicable Cure Amounts by the Debtors or the Successful Bidder, as applicable, shall (i) effect a cure of all defaults existing thereunder and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

(c)   **Additions**. The Debtors may designate, up to the date that is two business days before the RSA/Sale Hearing (the "**Designation Deadline**"), additional executory contracts and/or unexpired leases as agreements to be assumed by the Debtors and assigned to the Successful Bidder (the "**Additional Designated Contracts**"); *provided, however*, that, if the Debtors have elected to pursue a Plan Sale, the Designation Deadline (as used in the Bidding Procedures and this Order) shall be the deadline to file the plan supplement, or such later date as may be approved by this Court in any order approving a disclosure statement and related solicitation procedures. Within three business days of notice of the Additional Designated Contracts by the Debtors, the Debtors shall serve a Contract Assumption Notice on each of the counterparties to such Additional Designated Contracts and their counsel of record, if any, indicating (i) that the Debtors intend to assume and assign the counterparty's executory contract or unexpired lease, as applicable, to the Successful Bidder, (ii) any assignee, and (iii) the corresponding estimated Cure Amount.

(d)   **Eliminations**. The Debtors may remove any executory contract or unexpired lease, as applicable, to be assumed by the Debtors and assigned to the Successful Bidder (the "**Eliminated Agreements**") until the Designation Deadline or, if the Supporting Lenders are the Successful Bidder, in accordance with the RSA. The Debtors shall, as soon as reasonably practicable after identifying an Eliminated Agreement, serve a notice (a "**Removal Notice**") on each of the impacted counterparties and their counsel of record, if any, indicating that the Debtors no longer intend to assign the counterparty's contract or unexpired lease, as applicable, to the Successful Bidder in connection with the Transaction.

(e)   **Supplemental Contract Assumption Notice**. Although the Debtors intend to make a good-faith effort to identify all Designated Contracts that may be assumed and assigned in connection with a Transaction, the Debtors may discover that certain executory contracts were inadvertently omitted from the Designated Contracts list, or the Successful Bidder may identify other executory contracts that they desire to assume and assign in connection with the Transaction.

      Accordingly, the Debtors reserve the right at any time after the Assumption and Assignment Service Deadline and before the closing of a Transaction, to (i) supplement the list of Designated Contracts with previously omitted executory contracts, (ii) remove Designated Contracts from the list of executory contracts ultimately selected as Designated Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Transaction, and/or (iii) modify the previously stated Cure Amount associated with any Designated Contracts. In the event the Debtors exercise any of these reserved rights, the Debtors will promptly serve a supplemental notice of contract assumption or assumption and assignment (a "**Supplemental Assumption Notice**") on each of the counterparties to such Designated Contracts and their counsel of record, if any, and the Consultation Parties; *provided, however*, the Debtors may not add an executory contract to the list of Designated Contracts that has been previously rejected by the Debtors by order of the Court. Each Supplemental Assumption Notice will include the same information with respect to listed Designated Contracts as was included in the Contract Assumption Notice.

    (f)    **Objections**. Objections, if any, to the proposed assumption and assignment or the Cure Amount proposed with respect thereto, *must* (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon, so as to be actually received by proposed counsel to the Debtors and counsel to the Supporting Lenders on or before the Cure Objection Deadline, or such deadline set forth in the applicable Supplemental Assumption Notice, which deadline shall be no earlier than 14 days after service of such Supplemental Assumption Notice. If the Successful Bidder proposes a Section 363 Asset Sale, then the deadline to object to assumption or assumption and assignment solely with respect to the adequate assurance of future payment from the Successful Bidder shall be extended to March 10, 2020, at 4:00 p.m.; *provided, however*, that the deadline to object to the Cure Amount or other matters unrelated to the identity of the Successful Bidder shall not be extended.

    19.    Any party that does not timely object to the Cure Amount, the proposed assumption or assumption and assignment of a Designated Contract or Additional Designated Contract listed on the Contract Assumption Notice or Supplemental Assumption Notice, any Section 363 Asset Sale or the assumption of the RSA is deemed to have consented (whether the Transaction is implemented through a Plan Sale or a Section 363 Asset Sale) to (a) such Cure Amount, (b) the assumption or assumption and assignment of such Designated Contract or

12

Additional Designated Contract (including the adequate assurance of future payment), (c) the related relief requested in the Motion, (d) the Section 363 Asset Sale, and (e) the assumption of the RSA. Such party shall be forever barred and estopped (including in connection with a confirmation hearing for any chapter 11 plan) from objecting to the Cure Amount, the assumption or assumption and assignment of the Designated Contract, or Additional Designated Contract, adequate assurance of future performance, the relief requested in the Motion, whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Successful Bidder and/or the reorganized Debtors, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Successful Bidder with respect to such party's Designated Contract or Additional Designated Contract.

## VI.  Other Related Relief

20.    Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

21.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

22.    To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced herein or with the Motion, the provisions of this Order shall control.

23.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

24. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

14

**Dated: February 11th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**